IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LUIS JAVIER RODRIGUEZ<br>*Plaintiff* | §<br>§<br>§ | |
| V. | § | CIVIL ACTION NO. 5:18-CV-00114 |
| | § | |
| TRANSPORTES DE CARGA FEMA, S.A.<br>DE C.V.<br>*Defendant* | §<br>§<br>§<br>§ | |

<u>PLAINTIFF'S MOTION FOR SPOLIATION FINDING AND REMEDY FOR FAILURE TO PRESERVE RELEVANT EVIDENCE</u>

TO THE HONORABLE U.S. DISTRICT JUDGE:

NOW COMES, Plaintiff, Luis Javier Rodriguez and complains of Defendant Transportes De Carga Fema, S.A. De C.V., and files this Motion for Spoliation Finding and Remedy for Failure to Preserve Relevant Evidence, and in support would respectfully show unto the Court as follows:

I. BACKGROUND FACTS

1.     This lawsuit arises out of severe personal injuries sustained by Luis Javier Rodriguez from an automobile collision which occurred on April 11, 2017 when he was struck by an 18-wheeler driven by Abel Marin Sanchez.  Mr. Sanchez was cited by the Laredo Police Department for changing lanes when unsafe.  At the time of the incident, Mr. Sanchez was within the course and scope of his employment with Transportes De Carga Fema, S.A. De C.V. ("FEMA").

2.     On or about April 18, 2017, a claim was established with FEMA's commercial liability insurer, Qualitas Ins. Co.  A notice of representation and spoliation of evidence notice was sent to Qualitas that same day requesting that they not destroy documents and records as follows in part:

    1)     Driver's logs for the six months preceding the incident;
    2)     Co-driver's logs for the same period, if team driving;
    3)     The driver qualification file, and all incident reports involving the driver;
    4)     All 70 hour and other compliance audits of the driver (and co-driver if applicable);
    5)     All trip receipts, weight tickets, bills of lading, and operational documents that could be used to conduct log audits and verify log accuracy;
    6)     Satellite tracking or transponder information for the six-month period prior to the incident;
    7)     Bills and statements from Com Data or similar expense/cash advance services used by the carrier;
    8)     All information contained in or retrieved from onboard data records (ECM units or black boxes);
    9)     Email, Qualcomm, and other communications between the driver and dispatcher or carrier;
    10)     All maintenance records, pre-trip inspection reports, post-trip inspection reports, and annual inspection records;
    11)     The tractor-trailer itself, or at a minimum, relevant portions of the equipment, if there is any evidence or allegation that equipment malfunction or failure played a role in the incident; and
    12)     Any documents evidencing method of payment made to the driver including, but not limited to: payroll records, time cards, and any and all records that may pertain to this incident or the parties involved.[1]

3.     On April 24, 2017, Qualitas acknowledged receipt of Plaintiff's claim and requested a statement from Mr. Rodriguez as they would "need statements from all involved parties."[2] In that same letter, Qualitas asked to be informed of Plaintiff's treatment.

4.     On June 29, 2018, Plaintiff commenced a civil action against FEMA in 49th District Court, Webb County, Texas.[3] On August 6, 2018, Defendant FEMA gave notice of removal of this case to this Court alleging complete diversity between the parties.[4]

5.     On October 22, 2018, Plaintiff's served requests for production of documents on FEMA.[5] Defendant served his responses to Plaintiff's requests on December 6, 2018.[6] In response to

---

[1] Exhibit A.
[2] See Exhibit B, letter from Qualitas Ins. Co.
[3] Doc. 1-3.
[4] Doc 1.
[5] Exhibit C, Request for Production.
[6] Exhibit D, Def. Responses to Request for Production.

Plaintiff's request for log books, trip sheets, fuel receipts, bills of lading, and documents that would show Mr. Sanchez's trip movements on the day of the incident, FEMA responded with a vague reference to exhibits attached to their responses.[7]

> 48. Please provide any and all documents related to Abel Marin Sanchez's employment as a driver, including but not limited to log books, trip sheets, fuel receipts, work orders, bills of lading, com. card receipts, expense records and any other documents that would show Abel Marin Sanchez's trip movements for April 11, 2017 and ten (10) days prior.
>
> RESPONSE: Objection. This request is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case because the proposed discovery is not important in resolving the issues in the action and the burden or expense of the proposed discovery outweighs its likely benefit. Subject to the foregoing objections and without waiving same, see attached documents hereto as Bates-stamped documents TRAN0021 -0158.

6.  A thorough review of exhibits TRAN0021-0158 revealed that none of the documents referenced by FEMA had the slightest relevance to Plaintiff's request for production. On March 22, 2019, in an effort to resolve the discovery dispute without Court intervention, Plaintiff served a letter on FEMA's counsel requesting supplementation of their discovery responses.[8] On March 26, 2019, an email was received by Defense counsel's office advising that the requested documents were no longer available as they were destroyed in accordance to company destruction policies.[9]

7.  FEMA's, failure to properly retain evidence has deprived the Plaintiff of the ability to conduct a full and meaningful investigation and this Court has broad discretion to tailor a spoliation remedy to address the prejudice suffered by the Plaintiff. Accordingly, Plaintiff requests the Court impose a proportionate spoliation remedy against FEMA, such as sanctions or the submission of a spoliation instruction to the jury.

---

[7] Id. at Request for Production No. 48.
[8] Exhibit E, Letter to Compel.
[9] Exhibit F, Email from Norma Cruz, paralegal to Pete Thompson.

II. ARGUMENT & AUTHORITIES

**A.    Standards**

8.    Federal law generally governs spoliation issues, even in a diversity case. *See King v. Illinois Central R.R.*, 337 F.3d 550, 555-56 (5th Cir. 2003). Spoliation is the destruction or the significant and meaningful alteration of evidence, when a party has a duty to preserve it. *See Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010) ("Spoliation is the destruction or significant and meaningful alteration of evidence."); *See also Escobar v. City of Houston*, No. 04-1945, 2007 WL 2900581, *17 (S.D. Tex. Sept. 29, 2007). A duty arises when a party has notice that the evidence is relevant to litigation or should know that the evidence may be relevant to future litigation. *See Rimkus Consulting*, 688 F. Supp. 2d at 612-13 (collecting cases). Generally, sanctions for spoliation must be based on a party's bad faith or bad conduct. *See King*, 337 F.3d at 556 (stating that a party seeking sanctions must show the "bad conduct" or the "bad faith" of the destroying party); *Super Future Equities, Inc. v. Wells Fargo Bank Minnesota, N.A.*, No. 3:06-CV-0271-B, 2008 WL 3261095, *12 (N.D. Tex. Aug. 8, 2008) (identifying "bad conduct" or "bad faith" as spoliation's predicate) (citing *Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191, 203 (5th Cir. 2005)); *GW Equity LLC v. Xcentric Ventures LLC,* No. 3:07-CV-976-O, 2009 WL 62168, *8 (N.D. Tex. Jan. 9, 2009) (same as *Super Futures*); *Rimkus Consulting*, 688 F. Supp. 2d at 614 (collecting cases from various federal jurisdictions); *Escobar,* No. 04-1945, 2007 WL 2900581, at *17 (citing *King*). A court may consider the degree of culpability of the destroying party and the prejudice to the aggrieved party. *See Rimkus Consulting*, 688 F. Supp. 2d at 613 ("Determining whether sanctions are warranted and, if so, what they should include, requires a court to consider both the spoliating party's culpability and the level of prejudice of the party seeking discovery."). Whether preservation conduct is acceptable in a

4

Case 5:18-cv-00114 Document 22 Filed on 09/11/19 in TXSD Page 5 of 10

given case turns on what is reasonable; that is, whether what was done or not done was proportional to the circumstances and consistent with clearly established standards. *See Rimkus Consulting*, 688 F. Supp. 2d at 613 & n.8. But courts have also fashioned remedies to relieve a party of the unfair prejudice of another's negligent destruction of evidence under the principle that parties should bear the risk of their own negligence. *See Rimkus Consulting*, 688 F. Supp. 2d at 615 ("The court applied case law in the Second Circuit, including the language in *Residential Funding Corp. v. DeGeorge Financial Corp*., 306 F.3d 99, 108 (2d Cir. 2002) (stating that the sanction of an adverse inference may be appropriate in some cases involving negligent destruction of evidence because each party should bear the risk of its own negligence.") (citing other cases, which imposed sanctions for the negligent destruction of evidence). Also, a court may consider whether the lost evidence would have been relevant. *See Rimkus Consulting*, 688 F. Supp. 2d at 615-16 (collecting cases).

9. In the case of evidence destroyed before litigation, then a federal court uses its inherent powers to fashion a remedy. *See Rimkus Consulting Group*, 688 F. Supp. 2d at 611 (citing *Chambers v. NASCO, Inc*., 501 U.S. 32, 43-46, 111 S. Ct. 2123, 2132 (1991)); *see also Tandycrafts, Inc. v. Bublitz*, No. 3:97-CV-1074-T, 2002 WL 324290, *5 (N.D. Tex. Feb. 27, 2002) (noting a court's inherent power to sanction bad-faith conduct in the destruction of evidence). Remedies or sanctions range from striking a party's pleadings or defenses, ruling that given facts are established, or giving an adverse-inference instruction to a jury. *See, e.g., Super Future Equities, Inc. v. Wells Fargo Bank Minnesota, N.A.*, No. 3:06-CV-0271-B, 2008 WL 3261095, *13-14 (N.D. Tex. Aug. 8, 2008) (concluding that an "adverse inference instruction" was appropriate, recommending that the court inform the jury of the party's spoliation and that the jury may consider the spoliation as part of their deliberation on the spoliating party's claims, and

5

awarding attorney's fees); *Tandycrafts, Inc. v. Bublitz*, No. 3:97-CV-1074-T, 2002 WL 324290, *1, 3-4 (N.D. Tex. Feb. 27, 2002) (after ordering a trial on damages only, ruling that the spoliating party would only be permitted to cross-examine the opponent's witnesses, barred from producing any evidence of its own, and permitted to use for impeachment only documents produced in discovery, and awarding attorney's fees); *Escobar v. City of Houston*, No. 04-1945, 2007 WL 2900581, *17 (S.D. Tex. Sept. 29, 2007) ("A sanction may include an instruction that if a party that destroys or loses evidence subject to a preservation obligation, the fact finder may presume that the evidence was prejudicial. *FDIC v. Hurwitz*, 384 F. Supp. 2d 1039, 1099 (S.D. Tex. 2005)." (citing *Nation-Wide Check Corp. v. Forest Hills Distribs, Inc.*, 692 F.2d 214, 217-18 (1st Cir. 1982)); *Rimkus Consulting*, 688 F. Supp. 2d at 618-20 & n.20 (setting out the jury charge provided to a jury as a spoliation sanction).

**B. Duty to Preserve**

10.     In the case at bar, FEMA destroyed: (a) Audits of Sanchez's logs and hours of service preceding the accident;[10] (b) Reports from the QUALCOMM system which would show the speeds at which Sanchez operated the vehicle as well as other important data; and (c) GPS data which would show the location of the vehicle as it was operated by Sanchez in the hours preceding the accident.  FEMA had a duty to maintain these records because FEMA knew, or should have known, that there was a substantial chance that a claim would arise when they were notified their employee had been involved in a collision requiring Plaintiff to seek medical attention.  Litigation should have been more than merely an abstract possibility or unwarranted fear immediately following the collision.

---

[10] FEMA drivers must comply with the hours-of-service set forth in the Federal Motor Carrier Safety Regulations ("FMCSR").  A motor carrier such as FEMA must require every driver to record his/her duty status for each 24-hour period.  49 C.F.R. § 395.8.

6

11. On April 18, 2017, in a letter addressed to FEMA, Sanchez, and Qualitas Insurance, Plaintiff gave notice to all the relevant parties to anticipate litigation in this case.[11] [12]

> In connection with your duties in this matter, please allow this correspondence to serve as your **formal notice to anticipate litigation in this matter.** You and your insured are now obligated to preserve all relevant data and any other information reasonably calculated to lead to the discovery of admissible evidence in this matter. *Trevino v. Ortega*, 969 S.W.2d 950, 955 (Tex.1998).

12. The 17-page letter details the evidence that should be preserved, including the driver's logs and GPS records.[13] Qualitas Insurance, on behalf of FEMA, acknowledged receipt of the spoliation letter on April 24, 2017. In his deposition, Sanchez testified that FEMA instructs their drivers to follow certain procedures when involved in the accident:

```
10   Q. Okay. And why did you take photos?
11   A. Well, those are instructions they give you at
12 FEMA.
13   Q. Okay. You had never been in another automobile
14 accident while you had been working at FEMA, right?
15   A. No.
16   Q. So aside from taking photos, what training --
17 or what did FEMA train you to do when you are involved
18 in an accident like this one?
19   A. Stay apart from -- you know, there was no one
20 injured, you just stay away.
21   Q. Do you mean stay away from the other driver?
22   A. Yes.
23   Q. What else?
24   A. Well, you call the police so they can make a
25 report and the insurance can come in.
```

Exhibit G, p. 27 ln. 10-25. It can be inferred from Sanchez's testimony that FEMA is concerned with preserving evidence for their insurance claim.

---

[11] Exhibit A.
[12] FEMA and Sanchez both have Mexico addresses so Plaintiff does not have a confirmation that this letter was delivered.
[13] Id.

13.     When responding to discovery requests, FEMA attempted to overwhelm Plaintiff with approximately 158 pages of unrelated documents which they claimed where in response to specific discovery requesting the driver's logs, QUALCOMM system records and GPS records.  Only when confronted with a motion to compel did FEMA admit that the records had been destroyed.

14.     It is important that this Court take note that FEMA did not destroy all of the records pertaining to this case, only the records that could potentially show if the driver was in compliance with his hours of service, his speed, and the truck's location.  For example, the company kept the photographs taken by their driver at the scene of the accident, Sanchez's driver's license, employee file, driving tests and training given to him by FEMA.  In other words, FEMA conveniently only preserved documents that benefited the company in this litigation.

**C. Breach**

15.     FEMA intentionally or negligently breached their duty to preserve highly relevant evidence by destroying relevant documents after the collision.  Plaintiff is entitled to have the opportunity to inspect and examine the evidence which was destroyed by Defendant.  The failure to retain the driver's logs, QUALCOMM system records and GPS records as required by Federal law constitutes a destruction of relevant evidence impairing Plaintiff's ability to conduct a full and meaningful investigation of their claims and thus to fully present their claim.

16.     Plaintiff asks the Court to issue a spoliation instruction that entitles the jury to draw an inference that a party who intentionally destroys important documents did so because the contents of those documents were unfavorable to that party.  *Russell v. Univ. of Texas of Permian Basin*, 234 F. App'x 195, 207 (5th Cir 2007) (*citing Vick v Texas Employment Comm'n*, 514 F.2d 734, 737 (5th Cir.1975)).  Courts have given this adverse-inference instructions where the defendant

destroys or materially alters evidence. *See, e.g., Russell*, 234 F. App'x at 207; *Escobar v. City of Houston*, 2007 WL 2900581, *17 (S.D.Tex. Sept.29, 2007) (Rosenthal, J.).

PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays the Court enter spoliation instructions and/or adverse inference instructions to the jury concerning each and every item that the Defendant has failed to produce. Specifically, Plaintiff prays the jury should be instructed that (1) FEMA was required to maintain the driver's logs, QUALCOMM system records and GPS records; (2) however FEMA failed to preserve their relevant files constituting a spoliation of evidence; and (3) it should be presumed to show evidence unfavorable to the Defendant's case or helpful to the Plaintiff's case. Plaintiff additionally prays for such other and further relief to which the Plaintiff may be justly entitled to at law or in equity.

Respectfully submitted,

By: */s/ Daniel A. Torres*
Daniel A. Torres
State Bar No. 24046985
Federal Bar No. 573645

Javier Villarreal
State Bar No. 24028097
Federal Bar No. 30384

Of Counsel:

VILLARREAL & BEGUM
2401 Wild Flower Drive, Suite A.
Brownsville, Texas 78526
Tel: 956-544-4444
Fax: 956-550-0877

CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2019, a true and correct copy of the above and foregoing instrument was sent to all counsel of record as indicated below:

| | |
|---|---|
| Peter Thompson | *Via Electronic Filing* |
| THOMPSON & REILLEY, P.C. | |
| 1021 Main Street, Suite 1950 | |
| Houston, Texas 77002 | |

*/s/ Daniel A. Torres*
Daniel A. Torres