

United States District Court
Southern District of Texas
**ENTERED**
June 17, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

LUIS JAVIER RODRIGUEZ,                    §
                                          §
     **Plaintiff,**                       §
                                          §
V.                                        §          CIVIL ACTION NO. 5:18-CV-114
                                          §
TRANSPORTES DE CARGA FEMA, S.A.           §
DE C.V.,                                  §
                                          §
     **Defendant.**                      §

## ORDER

Before the Court is Plaintiff's Motion for Spoliation Finding and Remedy for Failure to Preserve Relevant Evidence. (Dkt. No. 22). Defendant has filed a response. (Dkt. No. 38). A hearing was held on May 19, 2020. (Min. Entry dated May 19, 2020).

### I. Background

This negligence lawsuit is based on a motor vehicle accident which occurred on April 11, 2017, between Plaintiff and a tractor trailer driven by Abel Marin Sanchez ("Sanchez"), who was in the course and scope of his employment with Defendant Transportes de Carga FEMA, S.A. de C.V. ("FEMA"). (Dkt. No. 1-3 at 3–4). In his Motion, Plaintiff asserts that on April 18, 2017, Plaintiff's counsel sent a letter of representation and spoliation notice to FEMA's insurer, Qualitas Insurance Company ("Qualitas"), FEMA, and Sanchez. (Dkt. No. 22 at 1). Qualitas acknowledged receipt of the letter on April 24, 2017. (*Id.* at 2). The letter requested the preservation of multiple categories of documents, including driver logs and GPS records. (*Id.*). After this lawsuit was filed, Plaintiff sought these same records through discovery directed to FEMA. (*Id.* at 2–3). FEMA's counsel eventually informed Plaintiff's counsel that the driver logs and GPS records had been previously destroyed by FEMA in accordance with the company's document destruction policies. (Dkt. No. 22-7 at 1). FEMA disposed of the driver logs and GPS records after six months, in accordance with its internal retention policy and applicable federal law. (Dkt. No. 38 at 7). Plaintiff asks the Court to issue a spoliation

instruction that entitles the jury to draw an inference that a party who intentionally destroys important documents did so because the contents of those documents were unfavorable to that party. (Dkt. No. 22 at 8) (citing *Russell v. Univ. of Tex. of Permian Basin*, 234 F. App'x 195, 207 (5th Cir. 2007)).

## II.   Legal Standard

Spoliation "is the destruction or the significant and meaningful alteration of evidence." *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010). A federal court may address spoliation occurring before a case is filed through its inherent power to manage the litigation process. *Id.* at 611. However, courts exercise such power with restraint. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

A party seeking the sanction of an adverse inference based on spoliation must establish that (1) the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Rimkus Consulting Grp.*, 688 F. Supp. 2d at 615–16.

The Fifth Circuit permits adverse inferences against a spoliator only upon a showing of "bad faith" on the part of the destroying party. *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015). "Bad faith" generally refers to destruction for the purpose of hiding adverse evidence. *See id.* Plaintiff in the present case asks the Court sanction FEMA for its allegedly negligent destruction of evidence (Dkt. No. 22 at 1, 8). However, negligent destruction of evidence is an insufficient ground for sanctions. *See King v. Illinois Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. 2003).

A party's duty to preserve evidence arises when the party has notice that the evidence is relevant to a given litigation or should have known that the evidence may be relevant to future litigation. *Rimkus Consulting Grp.*, 688 F. Supp. 2d at 612 (collecting cases). Therefore, a court may issue sanctions for spoliation when a party has a duty to preserve but nevertheless destroys the evidence.

## III.   Discussion

The Court turns to the first factor—whether FEMA had an obligation to preserve

the driver logs and GPS records at the time that evidence was destroyed. FEMA asserts that it never received Plaintiff's counsel's letter of representation and notice of spoliation. (Dkt. No. 38 at 5–6). According to FEMA, the copy of letter sent to FEMA, a Mexican company, was sent by regular mail to an incorrect address in Mexico. (*Id.* at 5). Plaintiff admits that he has no evidence that FEMA—as opposed to Qualitas—actually received the letter. (Dkt. No. 22 at 7 n.12). FEMA states that Plaintiff did not produce the letter in written discovery and that FEMA was first made aware of the letter on June 5, 2019, during the deposition of Jorge Trejo ("Trejo"), FEMA's designated corporate representative. (Dkt. No. 38 at 5). In Defendant's response to Plaintiff's Motion, Defendant attached a declaration by Trejo in which he makes the unqualified statement that FEMA did not learn of Plaintiff's spoliation notice letter until his deposition on June 5, 2019. (Dkt. No. 38-3 at 2). Trejo further states that FEMA did not know that Plaintiff had legal representation or that a lawsuit would be filed in connection with the subject accident until FEMA was served with Plaintiff's Original Petition in this case. (*Id.*). Based on the foregoing, the Court determines that there is no evidence that FEMA received Plaintiff's letter of representation and spoliation notice.

Regardless of whether FEMA received Plaintiff's notice letter, the question remains whether FEMA should have known that the driver logs and GPS records might be relevant to future litigation. FEMA asserts that the accident was a minor, side-swipe collision. (Dkt. No. 38 at 6). More importantly, FEMA points to evidence showing that Plaintiff did not report any injuries at the scene of the accident and that Plaintiff drove his car from the scene. (*Id.*). Under these circumstances, FEMA states that it reasonably inferred that the accident was minor and only involved property damage. (*Id.*). FEMA disposed of the driver logs and GPS records after six months, in accordance with its internal retention policy and applicable federal law. (*Id.* at 7).

The Court is mindful that Plaintiff disputes the severity of the accident and certainly disputes the extent of Plaintiff's injuries resulting from the accident. However, in terms of evidence presented in support of the Motion, Plaintiff does not direct the Court to any evidence to show that the nature of accident was such that Defendant "should have known that the [destroyed] evidence may be relevant to future litigation." *Rimkus Consulting Grp.*, 688 F. Supp. 2d at 612. Plaintiff does provide an excerpt from the

deposition of FEMA's driver, Abel Marin Sanchez ("Sanchez"), in which Sanchez testifies that he took photos of the vehicles after the accident in accordance with instructions from FEMA. (Dkt. No. 22 at 7). Sanchez testified, "Well, you call the police so they can make a report and the insurance can come in." (*Id.*; Dkt. No. 22-8 at 2). Plaintiff argues that it can be inferred from this testimony that FEMA was concerned with preserving evidence for their insurance claim. But calling the police and taking photos of the vehicles at the accident scene are standard practices that do not equate to an expectation of future litigation.

The Court finds that Plaintiff has failed to meet his burden to establish that FEMA had an obligation to preserve the driver log and GPS records at the time those records were destroyed.

Although Plaintiff's Motion for a spoliation finding is defeated by his failure to establish the first factor, the Court will address an additional argument raised by Plaintiff pertaining to the second factor—whether the evidence was destroyed with a culpable state of mind. As previously noted, the Fifth Circuit requires a showing of "bad faith" to support an adverse inference against a spoliating party. *Guzman*, 804 F.3d at 713. Plaintiff asserts that FEMA "conveniently" only destroyed the driver logs and GPS records and not other potentially relevant records such as the photos of the vehicles taken by Sanchez, Sanchez's driver's license, his employee file, his driving tests, and records of training provided by FEMA. (Dkt. No. 22 at 8). This alleged selective destruction of potentially relevant evidence infers an intent to destroy particular evidence FEMA knew would be adverse to its case.

FEMA makes a simple response to this allegation—that applicable law and its internal retention policies provide different retention periods for different categories of documents. (Dkt. No. 38 at 7). FEMA notes that specific federal regulations and its internal policies permit the disposal of driver logs after six months. (*Id.*). As for the GPS records, there are no laws or policies that require those records to be maintained for any specific amount of time, and FEMA's designated representative testified that those records are purged periodically for space management purposes. (*Id.*). Conversely, applicable federal regulations require a driver's qualification file to be maintained for a period of three years after the driver's employment ends. (*Id.*). Typically, an inference of

bad faith is not made when documents are destroyed pursuant to a routine policy. *Russell*, 234 F. App'x at 208. Based on the evidence provided by FEMA and the lack of controverting evidence by Plaintiff, the Court finds that Plaintiff has not shown that FEMA acted in bad faith when it destroyed the driver file and GPS records.

Finally, the Court notes that Plaintiff recently filed Plaintiff's Objections to Qualitas' Privilege Log, Motion to Compel Qualitas Insurance Company's Submission of Identified Privileged Documents for *In Camera* Review and to Compel Production of Documents. (Dkt. No. 82). The Motion challenges a privilege log served on Plaintiff on December 6, 2019, (*id.* at 2), and it was filed the day before the hearing on the instant Motion for spoliation filing. At the May 19 hearing, Plaintiff's counsel asserted that the records made the subject of the motion to compel could be relevant to the issue of whether FEMA had an obligation to preserve the destroyed evidence. The Court finds the timing of Plaintiff's motion to compel to be curious. Regardless, in the event the Court's ruling on Plaintiff's motion to compel results in Plaintiff obtaining documents which contradict FEMA's representations pertaining to the Motion for spoliation finding, Plaintiff may raise that issue in a future motion.

## IV. **Conclusion**

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion for Spoliation Finding and Remedy for Failure to Preserve Relevant Evidence (Dkt. No. 22).

It is so **ORDERED**.

**SIGNED** on June 17, 2020.

John A. Kazen
United States Magistrate Judge